## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **COOK PRODUCTIONS, LLC,**<br>**844 Seward St.**<br>**Los Angeles, CA, 90038** | **Case No.:** |
| **Plaintiff,** | **COMPLAINT** |
| | **COPYRIGHT INFRINGEMENT** |
| **v.** | |
| **DOES 1-10,** | |
| **Defendants.** | **DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff Cook Productions, LLC, ("Cook"), complains and alleges as follows:

### JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under 17 U.S.C. §§ 101 et seq. ("The Copyright Act").

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to reside in this district.

### PARTIES

4.      Plaintiff Cook is a limited liability company with principal offices in Los Angeles, California.

5.      Cook is an affiliate of Cinelou Films, a production company with a notable catalog of major motion pictures. (www.cinelou.com)

6.     *Mr. Church* is a major motion picture released in 2016 about a friendship that develops when a cook - Henry Joseph Church helps a little girl and her dying mother, and how what starts as a six-month arrangement becomes a lifetime family bond.

7.     *Mr. Church* has been registered with the United States Copyright Office by the owner, Cook, Registration No. PA 2-002-861 (2016), copy attached as Exhibit 1.

8.     Under The Copyright Act, Cook is the proprietor of all copyrights and interests needed to bring suit.

9.     The motion picture contains original material that is copyrightable subject matter under the laws of the United States.

10.    The motion picture is currently offered for sale in commerce.

11.    Defendants had notice of Plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and packaging and copies, each of which bore a proper copyright notice.

12.    Cook comes to court seeking relief as the motion picture *Mr. Church* is the subject of significant piracy and has been illegally downloaded and distributed hundreds of thousands of times worldwide with many of confirmed instances of infringing activity traced to the State of Oregon.

13.     The Defendants identified herein as Does 1-10 are currently known only by their Internet Protocol ("IP") addresses, which were observed by Plaintiff's investigator, Maverickeye, as distributing Plaintiff's motion picture.

14.     Through geolocation, the IP addresses used by the defendants have been traced to the State of Ohio and this judicial district.

15.     The defendants' IP addresses have been observed and confirmed as distributing Plaintiff's motion picture and other copyrighted content on numerous separate occasions through a direct TCP/IP connection.

16.     The activity associated with the defendants is consistent with that of persistent and willful infringers that not only access and use the BitTorrent network to obtain content such as Plaintiff's motion picture, but also willfully and intentionally use the BitTorrent network to cause intentional harm through persistent distribution of content to third parties to deprive rights holders of their rights under the Copyright Act.

17.     The volume and titles of the activity associated with the defendants' IP addresses indicate that the defendants are likely the primary subscribers of the IP addresses or someone who resides with the subscribers as such activity indicates the defendants are authorized users of the IP address with consistent and permissive access.

18.     The volume of the activity associated with the defendants IP addresses indicate that anyone actively using or observing activity on the IP address would likely be aware of the conduct of the defendant.

19.     The volume of the activity associated with the defendants' IP addresses indicate the defendant is not a young child.

20.     Defendant's IP address was at that time of observed infringement managed by Internet Service Providers ("ISPs"), who on information and belief, generally assign an IP address to a single party for extended periods of time, often for months and provide Wi-Fi systems with notable pre-installed security and passwords.

21.     Many ISPs provide notices and information to their customers about the importance of security, informing them that they are responsible for the activity associated with their account and cautioning subscribers against allowing third party or non-authorized access.

22.     The records maintained by the ISPs identified in the Infringers' Activity Report attached to this Complaint should be able to identify the defendants, or the subscribers who contracted with the ISPs for service who in turn is likely to have knowledge that will lead to the identity of the defendant. (Exhibit 2, Activity Report).

23.     Plaintiff intends to seek discovery, including a subpoena of records from the ISPs identified in the attached Infringers Activity Report to ascertain the true identities of Defendant Does 1-10.

## PEER-TO-PEER INTERNET PIRACY IN GENERAL

### *Operation*

24.     BitTorrent, also known as peer-to-peer file sharing, has become one of the most common systems for users to illegally dispense and share huge amounts of data in digital format, including motion pictures.

25.     The BitTorrent protocol enables computers to exchange large files (such as motion pictures) without creating a heavy workload for any individual source/computer.  It allows users to interact directly with each other to: (1) make files stored on a user's computer (e.g., motion pictures) available for copying by other users; (2) search for files stored on other computers; and (3) transfer exact copies of files from one computer to another over the Internet.

26.     The use of BitTorrent requires multiple intentional acts.  A user must load specific software, use the software to join the network, search for a file, and then select the file they wish to download.  As each user or peer joins the network and requests a copy of a file, they form a type

of social contract to not only download the file, but to be a part of the network to allow the file to be downloaded by others. Each new peer requesting the file receives pieces of the data from each peer who already has downloaded the file, and then in turn makes that content available to others.

27.     Since the BitTorrent protocol also generally limits a peer's ability to download unless he or she also uploads or shares, there is substantial incentive for each peer to remain online and continue to make files available for other peers to download because this will maximize his or her download speed and access to additional content.

28.     The Defendants in this action have been observed as making Plaintiff's motion picture available to others in furtherance of the BitTorrent network.

### *The Business of Piracy*

29.     Internet piracy and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

30.     To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

31.     Defendants' participation in the BitTorrent exchange of Plaintiffs' motion pictures is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

32.     Many parties, and possibly Defendants, have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including

Plaintiffs' motion pictures, even if only through being granted greater access to other pirated content.

33.     The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

34.     Based on activity observed associated with the defendant's IP address, the defendant is a prolific proponent of the BitTorrent distribution system advancing the BitTorrent economy of piracy.

### *Harm to Plaintiff and Others*

35.     Digital piracy, including BitTorrent piracy costs the entertainment industry over $80 billion per year.

36.     Nationwide the film and television industry supports over 1.9 million workers and contributes over $19.3 billion in taxes.

37.     The impact of piracy is far greater than the mere loss of a single sale or loss due to the distribution of one copy of a motion picture. Piracy undermines the economy, job base, and tax base on which our citizens rely and promotes a general disregard for the rights of others and the law.

38.     As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to the both the United States of America and the State of Ohio.

## CAUSE OF ACTION

### (Federal Copyright Infringement)

39.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs.

40.     Defendants, without the permission or consent of Plaintiff, copied and distributed Plaintiff's motion picture through a public bittorrent network.

41.     Defendants' actions infringed Plaintiff's exclusive rights under The Copyright Act.

42.     The conduct of the Defendants has been with express and specific notice, willful, intentional, in disregard of and indifferent to Plaintiff's rights with the intent to cause Plaintiff harm and deprive Plaintiff of royalties and the benefit of Plaintiff's copyrights.

43.     As a direct and proximate result of the defendant's conduct, Plaintiff's exclusive rights under 17 U.S.C. § 106 have been violated.

44.     Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

45.     The conduct of the defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

46.     Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting the defendant from further contributing to the infringement of Plaintiff's copyrights, the economy of piracy, and ordering that defendant destroy all copies of the motion picture made in violation of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.      For a finding that Defendants willfully infringed Plaintiff's rights;

B.  For entry of permanent injunction enjoining Defendants from direct, indirect or contributory infringement of Plaintiff's rights, except pursuant to a lawful license or with the express authority of Plaintiff.  And further directing Defendants to destroy all unauthorized copies of Plaintiff's motion picture;

C.  For entry of permanent injunction enjoining Defendants from supporting the BitTorrent economy of piracy by enjoining Defendants from direct, indirect or contributory infringing file sharing in violation of U.S. copyright law.

D.  Statutory damages pursuant to 17 U.S.C. § 504.

E.  For Plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

F.  For such other and further relief as the Court deems proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

DATED: December 20, 2016.

Respectfully Submitted,

Timothy A. Shimko (0006736)
Shimko Law Offices LLC
1010 Ohio Savings Plaza
1801 E. 9th St.
Cleveland, Ohio 44114
Tel. (216) 241-8300
Fax (216) 539-2015
tas@shimkolaw.com